UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL E. FREE,<br><br>    Petitioner,<br><br>v.<br><br>PAUL COPENHAVER, Warden,<br><br>    Respondent. | 1:13-cv-00148 MJS HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 1) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b). (ECF No. 10.)

Petitioner filed the instant petition for writ of habeas corpus on January 31, 2013. Petitioner is a federal prisoner serving a life sentence following a jury conviction in the United States District Court for the Eastern District of Michigan for conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and § 846. Petitioner claims he is innocent of the offense and desires to raise various constitutional deprivations at trial. (See generally Pet., ECF No. 1.)

I. **SCREENING THE PETITION**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism

and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

**II.    JURISDICTION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir.

2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and constitutionality of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5, 13 L. Ed. 2d 6 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

### III. **ANALYSIS**

On July 7, 2008, the United States District Court for the Eastern District of Michigan denied Petitioner's motion styled "Motion to Reopen the Case An Independent Action Under Fed. R. Civ. P. 60(b), the All Writs Act, 28 U.S.C. § 1651, and the Court's Inherent Power to Protect the Integrity of the Judicial Process Based on Newly Discovered Evidence of Actual Innocence and Multiple Instances of Fraud Upon the Court - by Officers of the Court." Free v. United States, 2008 U.S. Dist. LEXIS 51964 ( E.D. Mich. July 7, 2008). The court described

Petitioner's prior efforts for review of his conviction:

Defendant filed a direct appeal, raising several issues, as follows:

> 1. whether the district court erred in admitting co-conspirator Richard Sumpter's testimony regarding his fear of defendants,
>
> 2. whether the district court erred in admitting an 11-page summary exhibit, exhibit 41(b), depicting the results of an analysis of voluminous telephone toll records,
>
> 3. whether the district court erred in admitting evidence that, after he was arrested and released in January of 1994, defendant fled to Mexico,
>
> 4. whether the district court abused its discretion by allowing a witness, Robert Lillie, to refuse to testify by invoking his Fifth Amendment right against self-incrimination when defendant attempted to call him as a defense witness the following day,
>
> 5. whether the district court erred in denying his motion for a new trial premised upon newly discovered evidence. Specifically, defendant argued that a member of the conspiracy, Antonio Diaz, who did not testify at trial, indicated at the end of the trial, after his plea was taken, that the person named "Paul," who went to Arizona to pick up marijuana, was not in fact defendant.

The Sixth Circuit affirmed defendant's conviction. United States v. Gaitan-Acevedo, 148 F.3d 577 (6th Cir. 1998).

In 2000, defendant filed a motion under § 2255 claiming that: (1) trial counsel provided ineffective assistance; (2) the trial judge abused his discretion by denying petitioner's request for new counsel prior to trial; (3) the trial was fundamentally unfair; (4) a witness committed perjury at trial; (5) the admission of petitioner's prior felony drug conviction at sentencing violated his right to due process; (6) the trial judge fell asleep during trial; and (7) the prosecutors engaged in misconduct.

The matter was referred to a magistrate judge for a report and recommendation (MJRR). The magistrate judge carefully considered all of petitioner's claims on the merits and recommended that defendant's motion be denied. See MJRR dated July 11, 2000. Defendant's counsel and defendant separately filed objections. Petitioner then moved to amend his motion to raise a claim that his sentence violates Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), which was granted.

The Court agreed with the magistrate judge's analysis and conclusion regarding defendant's claims pertaining to his conviction and denied defendant's motion to the extent that he sought to have his conviction vacated. The Court, however, found that Apprendi applied to defendant's case, that the claim warranted a closer review, and remanded the case to the magistrate judge for a supplemental report and recommendation with respect to defendant's sentence in light of Apprendi. See Order filed August 13, 2001.

The magistrate judge has issued a Supplemental MJRR recommending

that defendant's Apprendi claim be denied because although at the time the Court found that Apprendi applied to defendant, the Sixth Circuit had not yet ruled on whether Apprendi applied retroactively to initial § 2255 motions, the Sixth Circuit subsequently ruled that it does not. Goode v. United States, 39 Fed. Appx. 152, 2002 WL 987905 (6th Cir. 2002) (unpublished). Thus, the magistrate judge recommended that defendant's claim be denied based on Goode. Alternatively, the magistrate judge found that even if Apprendi applied, defendant was still not entitled to relief because he was not prejudiced for the failure to submit the issue of drug quantity to the jury, based on the evidence of drug quantity adduced during the trial which was more than sufficient to subject defendant to a life sentence. Defendant objected to the supplemental MJRR, arguing that whether Apprendi applies retroactively is still an open question and urges the Court to apply it to defendant's case. The Court denied the objection and adopted the MJRR. See Order filed July 12, 2002. The Court denied a certificate of appealability. See Order filed December 16, 2002. Defendant appealed. The Sixth Circuit declined to issue a certificate of appealability. See Order in Case Nos. 03-1077, 03-2093, filed January 9, 2004.

On April 24, 2008, defendant filed the instant motion. The Court directed the government to file a response, which it did. Defendant filed a reply. The matter is now ready for decision.

Free v. United States, 2008 U.S. Dist. LEXIS 51964, 1-10 (E.D. Mich. July 7, 2008) (Footnotes omitted). On July 7, 2008, the court denied Petitioner's motion to reopen his § 2255 petition.

The Ninth Circuit has "held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

In this case, Petitioner is challenging the validity and constitutionality of his federal sentence imposed by a federal court, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the sentencing court, not a habeas petition pursuant to § 2241 in this Court.

Petitioner argues, however, that § 2255 is inadequate and ineffective, because he has already filed § 2255 motions, which were denied. Under the AEDPA, a prisoner may not bring a second or successive § 2255 motion in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review

by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008). Petitioner has not described any attempt to file a second or successive petition based on his newly presented evidence of innocence. See 28 U.S.C. § 2255(h). Nor does it appear that Petitioner has attempted to present the claim of innocence to the appropriate United States Court of Appeals for certification. Id.

However, even if Petitioner was unable to meet the statutory requirements for filing a successive § 2255 motion, that would not automatically render the remedy under § 2255 inadequate or ineffective. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (concluding that a § 2255 movant may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to § 2241 rather than § 2255, and that the AEDPA required dismissal of petitioner's successive § 2255 motion because his claim was based neither on a new rule of constitutional law made retroactive by the Supreme Court nor on new evidence). To the extent Petitioner may argue that his only remedy is to pursue his claim via a habeas petition pursuant to § 2241 because a panel of the court of appeals would refuse to certify a second or successive motion under § 2255, Petitioner's argument fails. Section 2241 "is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). Further, as previously stated, the remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a previous § 2255 motion was denied, or because a remedy under that section is procedurally barred. Id. at 953 (stating that the general rule in the Ninth Circuit is that "the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective'"); see also United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural limits on filing second or successive § 2255 motion may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651); Moore, 185 F.3d at 1055 (rejecting petitioner's argument that § 2255 remedy was ineffective because he was denied permission to file a successive § 2255 motion, and stating that dismissal of a subsequent § 2255 motion does not render federal habeas relief an ineffective or inadequate remedy);

Tripati, 843 F.2d at 1162-63.

Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings clause of § 2255 because Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954. "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

Here, Petitioner presents newly discovered evidence as a basis for finding that the Court has authority to hear his § 2241 petition. Petitioner asserts that in August 2012, he received new information in the form of affidavits from a private investigator who interviewed a witness, Jeremy May. The affidavit contradicted testimony of the witnesses at trial regarding Petitioner's involvement in the transportation of drugs to Michigan. (See ECF No. 2 at 20-21.) Petitioner further asserts that the affidavit and other information was presented to Douglas Shepard, who, with the assurance that Paul Atkinson was no longer alive and a threat to his safety, recanted his testimony. (Id. at 22-23.) Petitioner's claims in the present petition are based on this newly discovered evidence.

Even though Petitioner attached various exhibits to the petition in support of his claims of innocence, including declarations and news articles, he has not made a sufficient showing. Significant evidence supported the conviction, and the new evidence presented by Petitioner is not sufficient to show that no reasonable juror in light of the new evidence would have

1  convicted him. See Free v. United States, 2008 U.S. Dist. LEXIS 51964, 2-3 (E.D. Mich. July
2  7, 2008) (describing Petitioner's role in delivering large quantities of marijuana from Mexico
3  to Michigan.). Therefore, the instant § 2241 petition does not fit within the exception to the
4  general bar against using § 2241 to collaterally attack a conviction or sentence imposed by a
5  federal court. See Lorentsen, 223 F.3d at 954 (declining to decide whether federal prisoners
6  who are actually innocent may resort to § 2241 when relief is not available under § 2255
7  because the petitioner had not shown actual innocence); see also Stephens, 464 F.3d at
8  898-99 (concluding that, although petitioner satisfied the requirement of not having had an
9  "unobstructed procedural shot" at presenting his claim, petitioner could not satisfy the actual
10 innocence requirement as articulated in Bousley and, thus, failed to properly invoke the
11 escape hatch exception of § 2255).

Based on the foregoing, the Court finds that Petitioner has not demonstrated § 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, § 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

## IV.  CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

1           (B) the final order in a proceeding under section 2255.

2           (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

3           (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, reasonable jurists would not find to be debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief nor would they find petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby declines to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus be DISMISSED;

2) All pending motions are denied as MOOT;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   May 6, 2013                    /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE