IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAUL E. FREE,**<br><br>Petitioner,<br><br>v.<br><br>**PAUL COPENHAVER,**<br><br>Respondent. | 1:13-cv-00148 MJS HC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION REQUESTING REMAND OF CASE FROM NINTH CIRCUIT COURT OF APPEALS<br><br>(Docs. 13, 17) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On May 7, 2013, the undersigned denied the petition on the merits. On June 3, 2013, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure §§ 59(e) and 60(b). On July 22, 2013, Petitioner filed a motion to remand the case from the Ninth Circuit to the District Court in light of the pending motion for reconsideration.

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Petitioner does not identify any arguments or evidence not already considered by this Court. Petitioner again argues that he is actually innocent of the charges. His claims rely on various forms of evidence including declarations from witnesses who came forward many years after the conviction.

In discussing the actual innocence standard, the Supreme Court has recently described how significant delay may undermine an attempted showing of innocence:

> Considering a petitioner's diligence, not discretely, but as part of the assessment whether actual innocence has been convincingly shown, attends to the State's concern that it will be prejudiced by a prisoner's untoward delay in proffering new evidence. The State fears that a prisoner might "lie in wait and use stale evidence to collaterally attack his conviction . . . when an elderly witness has died and cannot appear at a hearing to rebut new evidence." Brief for Petitioner 25. The timing of such a petition, however, should seriously undermine the credibility of the actual-innocence claim. Moreover, the deceased witness' prior testimony, which would have been subject to cross-examination, could be introduced in the event of a new trial. See Crawford v. Washington, 541 U. S. 36, 53-54, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004)

McQuiggin v. Perkins, 133 S. Ct. 1924, 1936 (2013).

Here, eighteen years after his 1995 conviction, Petitioner attempts to argue his innocence. That substantial delay in presenting this claim does affect its credibility. Petitioner apparently contends that one Paul Atkinson, not Petitioner, committed the crimes in question. He also asserts that witness Douglas Shepard would not come forward with this evidence until after Atkinson's death in 2012 because he feared Atkinson. Petitioner also presents transcripts and other pieces of documentary evidence in support his present claim. Most of this material was available to Petitioner many years

before he filed the instant petition.

The Court previously addressed these arguments. Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 623. Furthermore "'actual innocence' means factual innocence, not mere legal insufficiency." Id.

This Court is not persuaded that the evidence would convince reasonable jurors not to convict Petitioner. Petitioner's arguments present no basis for the Court to reconsider its order.

Accordingly, Petitioner's motion for reconsideration is DENIED. Furthermore, in light of this order, the Court orders that Petitioner's motion to remand the case from the Ninth Circuit in light of the pending motion for reconsideration be DENIED as MOOT.

IT IS SO ORDERED.

Dated: July 29, 2013          /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE